Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7297 | **DATE** | June 19, 2000 |
| **CASE TITLE** | ROBERT IUFFUES WEBB vs. THOMAS EWERT, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion to dismiss [23-1] is granted. This action is dismissed without prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 21 2000 docketed | 36 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/12/2000 | |
| | | | date mailed notice | |
| jad | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

ROBERT IUFFUES WEBB              )
                                 )
                    Plaintiff,   )   No. 99 C 7297
                                 )
       v.                        )   Suzanne B. Conlon, Judge
                                 )
THOMAS EWERT, et al.,            )
                    Defendants.  )

**DOCKETED**
**JUN 2 1 2000**

## MEMORANDUM OPINION AND ORDER

Robert Iuffues Webb ("Webb") brings a *pro se* civil rights action against Illinois Circuit Court Judges Thomas Ewert ("Ewert") and Thomas Feehan ("Feehan"), the State of Illinois, the City of Joliet ("Joliet"), and Joliet's corporation counsel, Thomas Thanas ("Thanas"). Thanas and Joliet move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b).

### BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996). In March 1997, Webb, an African-American, filed suit in Illinois state court against Joliet and one of its employees, Louise Ray ("Ray") for injuries suffered when he was ridiculed at a Joliet town meeting. His case was assigned to Judge Feehan. Joliet was represented by Thanas, and Ray was represented

36

by a private attorney, Jeffery Tomczak ("Tomczak"). Both Joliet and Ray moved to dismiss, and Judge Feehan granted the motions.

Webb claims he had no notice of the motions to dismiss. Webb also alleges Judge Feehan did not familiarize himself with the motions to dismiss but simply signed a draft order of dismissal prepared by Thanas, and did so despite Tomczak's failure to properly file Ray's motion. Webb later filed an amended complaint and motion for summary judgment before Judge Feehan, which was denied. Webb alleges Judge Feehan failed to recognize, read, or set a schedule on these motions and did not accord Webb sufficient speaking time in court to present his motions. In addition, Thanas allegedly made *ex parte* statements during one of these proceedings, requesting that Judge Feehan bar Webb from filing future pleadings against Joliet and from obtaining a waiver of the filing fees for any future pleadings.

Webb moved to reconsider Judge Feehan's adverse rulings before Judge Ewert. Judge Ewert allegedly failed to set a schedule on the motion, denied the motion in open court, and prevented Webb from fully addressing the motion orally. Webb filed additional complaints in October 1998 and May 1999 arising out of the Joliet town meeting, and alleges Judge Ewert continued to act in the same manner while making numerous adverse rulings on these complaints. Webb alleges that in issuing these rulings, Judge Ewert simply signed and entered court orders prepared by Thanas.

2

In this court, Webb claims Judges Feehan and Ewert violated his due process and equal protection rights and various Illinois rules of judicial conduct and civil procedure by intentionally denying him the right to seek justice in the courts and the opportunity to present evidence and testimony. Webb contends Thanas and Tomczak, both white attorneys, were permitted to present their case, and that he was denied the same opportunity because of his race. Webb further claims Judges Feehan and Ewert subjected him to inconsiderate and disrespectful treatment and that Thanas and Tomczak were not subject to this treatment. Finally, Webb claims that Thanas conspired with Judges Feehan and Ewert to discriminate against him and violate his due process rights. Webb claims these actions violated 42 U.S.C. § 1985(3) (Count I), § 1981(a)(Count II), and § 1983 (Count III).

On January 10, 2000, this court dismissed Judge Ewert, Judge Feehan, and the State of Illinois as defendants on immunity grounds. Thanas and Joliet are the only remaining defendants. Counts I (§ 1985(3)) and III (§1983) are the only counts brought against Thanas and Joliet. On January 10, the court dismissed Count III against Thanas and Joliet because Webb sues Thanas is his official capacity and because Webb failed to properly allege a § 1983 municipal liability claim under <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 692-94 (1978). Count I is the only

3

remaining count against Thanas and Joliet and is the subject of the present motion.

**DISCUSSION**

I. **SUBJECT MATTER JURISDICTION**

Before addressing the merits, the court must dispose of a jurisdiction objection raised by Thanas and Joliet - that the under the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction over Webb's complaint. Under the Rooker-Feldman doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine developed from the narrowly limited power of inferior federal courts to engage in appellate review of state court decisions or to consider collateral attacks on state court civil judgments. Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996); Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1996). The doctrine requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system and ultimately to the Supreme Court. Long v. Shorebank Development Corp., 182 F.3d 548, 554 (7th Cir. 1999).

When determining whether the doctrine applies in a particular case, the "fundamental and appropriate question to ask is whether

4

the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Id. at 555 (quoting Garry, 82 F.3d at 1365). If the injury results from the state court judgment itself or if the federal plaintiff seeks to set aside the state court judgment, federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional. Long, 182 F.3d at 555; Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 702 (7th Cir. 1998). However, a federal court may consider a claim of injury that is independent of the state court judgment, such as a prior injury that the state court failed to remedy. Long, 182 F.3d at 555. In sum, the doctrine asks: "is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denied a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction." Gash Associates v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993).

Thanas and Joliet argue this court lacks jurisdiction under Rooker-Feldman because Webb's suit complains of official, in-court conduct of Illinois judges, conduct ultimately finding expression in their judgments. They conclude that in challenging the actions of the judges, Webb is challenging and seeking to overturn the judgments of the Illinois courts, something he cannot do in this court under Rooker-Feldman. This argument inaccurately characterizes the nature of Webb's complaint. The gravamen of

5

Webb's complaint is not a direct attack on the state court dismissal of his defamation and conspiracy action as erroneous. Rather, Webb alleges that Thanas and Joliet, along with Judges Feehan and Ewert, conspired to deny him due process and equal protection of the laws during his proceedings in the state courts.

The distinction between the two characterizations is not acute; Webb's claim that defendants conspired to violate his constitutional rights while conducting the state court proceedings implicitly suggests that the resulting judgments from the state courts were incorrect because they were tainted by the conspiracy. However, the Seventh Circuit's decision in Nesses v. Shepard, 68 F.3d 1003 (7th Cir. 1995) reconciles this tension. In Nesses, the plaintiff sued in state court for breach of contract, and his complaint was eventually dismissed by that court. The plaintiff then sued in federal court, alleging a "massive, tentacular conspiracy among the lawyers and judges to engineer [his] defeat" at different stages of the state court litigation. Id. at 1004. In considering the applicability of Rooker-Feldman, the Seventh Circuit explained that "[w]ere [plaintiff] merely claiming that the decision of the state court was incorrect, even that it denied him some constitutional right, the doctrine would indeed bar his claim." Id. at 1005. But because the plaintiff claimed "that people involved in the decision violated some independent right of his, such as the right (if it is a right) to be judged by a tribunal that is uncontaminated by

6

politics," Rooker-Feldman did not bar the claim and plaintiff could sue in federal court to vindicate that right. Id.

Nesses acknowledged that to prevail, the plaintiff would have to show an injury resulting from the conspiracy during the state court proceeding, for "without harm there is no tort, a principle as applicable to constitutional torts as to common law torts." Id. The court further recognized that to show this injury, plaintiff would have to show the state court decision was erroneous; if plaintiff's suit lacked merit and would have been dismissed even without the conspiracy, then dismissal was proper despite the conspiracy and the conspiracy would have caused no harm. Id. Showing that the state court decision was erroneous would seem to implicate the Rooker-Feldman bar. But Nesses explained that the doctrine "is not that broad." Id. Instead the court explained that the plaintiff could "show as part of his claim for damages that the violation caused the decision to be adverse to him and thus did him harm." Id. If the plaintiff could not point to an erroneous judgment to show injury, "there would be no federal remedy for a violation of federal rights whenever the violator so far succeeded in corrupting the state judicial process as to obtain a favorable judgment." Id.

Thus, Webb's claim that Thanas conspired with Judges Feehan and Ewert to violate his rights during state court proceedings does not attack the state court orders dismissing his state complaints, but implicates them only as evidence of the harm caused by the

7

underlying conspiracy. "To put it another way, reliance upon the adverse decision of the state court [is] necessary to show not that the state judge's decision was wrong but rather that the conspiracy between the lawyer and the state judge to obtain favorable rulings for plaintiff' opponent in the state court litigation had caused plaintiff harm." Spencer v. Steinman, 968 F. Supp. 1011, 1016-17 (E.D. Pa. 1997) (citing Nesses). Accordingly, this court has jurisdiction over Webb's suit.

## II. §1985(3) CLAIM

Webb's conclusory complaint fails to state a § 1985(3) conspiracy claim against Thanas and Joliet. "It is not enough for a section 1985 plaintiff to plead mere conclusory allegations of a conspiracy. Rather, the plaintiff must plead specific material facts that show the existence of a conspiracy." Copeland v. Northwestern Memorial Hospital, 964 F. Supp. 1225, 1235 (N.D. Ill. 1997) (citing Winterland Concessions Co. v. Trela, 735 F.2d 257 (7th Cir. 1984)). Moreover, "bald assertions of discriminatory animus behind the conspirators' action, unsupported by any meaningful, factual allegations is not enough to withstand a motion to dismiss." Naguib v. Illinois Dept. of Prof'l Reg., 986 F. Supp. 1082, 1092 (N.D. Ill. 1997). Webb's complaint offers nothing aside from bald allegations of conspiracy. The only conspiratorial actions allegedly undertaken by Thanas were his in-court request that Judge

8

Feehan bar Webb from filing further pleadings, and his presentation of prepared orders to Judges Feehan and Ewert for their signature. Neither is in any way reasonably suggestive of a conspiracy. Indeed, the later is a common practice followed in the Illinois courts on a daily basis. Without more, Webb has no claim for conspiracy against Thanas and Joliet. See Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"). Finally, Webb claims Joliet is liable for Thanas' conspiratorial acts taken in his official capacity. Webb fails to plead a claim for municipal liability under Monell. See January 10, 2000 order. Accordingly, Webb's complaint must dismissed.

## CONCLUSION

The motion to dismiss is granted.

ENTER:

Suzanne B. Conlon
United States District Judge

Dated: June 19, 2000

9